[819 NYS2d 571]

In the Matter of CONSTANT JEAN-BAPTISTE (Admitted as CONSTANT JEAN BAPTISTE, JR.), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 15, 2006

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse,* Brooklyn (*Michele Martino* of counsel), for petitioner.

*Michael S. Ross,* New York City, for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition, dated April 12, 2005, containing two charges of professional misconduct. After a hearing before the Special Referee on August 3, 2005, at which evidence was offered in mitigation, the Special Referee sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems appropriate. The respondent's counsel has submitted an affidavit in support of the Grievance Committee's motion in which he asks the Court to limit the sanction imposed to a public censure.

Charge One alleges that the respondent commingled funds entrusted to him in a fiduciary capacity, with funds of his own, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]).

The respondent maintained an attorney escrow account at Citibank entitled "Constant Jean-Baptiste, Jr., Esq., IOLA account" from approximately 1997 to at least 2004. Between October 2, 2003, and October 16, 2003, the respondent held money in that account in connection with a closing of a client's real estate transaction. From approximately January 2003 through at least May 2004, the respondent deposited personal funds into his escrow account.

Charge Two alleges that the respondent used his attorney escrow account to evade a creditor, in violation of Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7) (22 NYCRR 1200.3 [a] [4], [5], [7]).

A judgment was entered against the respondent in or about March 2002 and his personal bank accounts were restrained and seized in or about January 2003. Commencing in or about January 2003, the respondent began depositing his personal funds into his attorney escrow account in an effort to prevent the funds from being seized to satisfy the judgment.

Inasmuch as the charges are totally uncontroverted, they were properly sustained by the Special Referee. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider that no client was hurt or prejudiced by his conduct, that he has fully cooperated with the Grievance Committee, and that he enjoys a good reputation for honesty and integrity among clients in the community. In September 2004 the respondent entered into a "Global Stipulation of Settlement" which required him to pay $19,000 in various installments. The respondent borrowed money from his father in order to fully satisfy the settlement agreement. The respondent's prior disciplinary history includes a letter of caution issued in October 2002 for failing to reregister with the Office of Court Administration from 1995 through 2002, and an admonition, issued in November 2004, for failing to timely reregister as an attorney for the registration period 2003-2004.

Balancing the duration of the respondent's misuse of his escrow account with the mitigation advanced, the respondent is suspended from the practice of law for a period of one year.

PRUDENTI, P.J., FLORIO, MILLER, ADAMS and LUCIANO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Constant Jean-Baptiste, admitted as Constant Jean Baptiste, Jr., is suspended from the practice of law for a period of one year, commencing September 15, 2006, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Constant Jean-Baptiste, admitted as Constant Jean-

Baptiste, Jr., shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Constant Jean-Baptiste, admitted as Constant Jean Baptiste, Jr., has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).