[941 NYS2d 844]

In the Matter of CONSTANT JEAN-BAPTISTE (Admitted as CONSTANT JEAN BAPTISTE, JR.), a Suspended Attorney, Resignor.

Second Department, April 3, 2012

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Thomas Graham Amon* of counsel), for the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.

*Constant Jean-Baptiste, Jr.*, Brooklyn, resignor pro se.

**OPINION OF THE COURT**

Per Curiam.

Constant Jean-Baptiste has submitted an affidavit sworn to on August 2, 2011, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Jean-Baptiste was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on November 3, 1993, under the name Constant Jean Baptiste, Jr. By opinion and order of this Court dated August 15, 2006 (33 AD3d 191 [2006]), Mr. Jean-Baptiste was suspended from the practice of law for a period of one year, commencing September 15, 2006, based on two charges of professional misconduct.

Mr. Jean-Baptiste is aware that the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) is investigating six complaints against him, all alleging that he engaged in the practice of law since the effective date of his suspension. He acknowledges that if charges were predicated upon these allegations of professional misconduct, he could not successfully defend himself on the merits.

Mr. Jean-Baptiste acknowledges that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress by anyone, and that he is fully aware of the implications of its submission.

Mr. Jean-Baptiste's resignation is submitted subject to any application by the Grievance Committee to direct him to make restitution and to reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). Mr. Jean-Baptiste acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends the acceptance of Mr. Jean-Baptiste's resignation.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, and, effective immediately, Mr. Jean-Baptiste is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

MASTRO, A.P.J., RIVERA, SKELOS, DILLON and AUSTIN, JJ., concur.

Ordered that the resignation of Constant Jean-Baptiste, admitted as Constant Jean Baptiste, Jr., is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Constant Jean-Baptiste, admitted as Constant Jean Baptiste, Jr., is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Constant Jean-Baptiste, admitted as Constant Jean Baptiste, Jr., shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Constant Jean-Baptiste, admitted as Constant Jean Baptiste, Jr., shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Constant Jean-Baptiste, admitted as Constant Jean Baptiste, Jr., has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).